UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Fray Lynch, :
:
      Plaintiff, :
:
vs. : Civil Action No. 06-
: *Jury Trial Demanded*
City of Wilmington., :
:
      Defendant. :

## **COMPLAINT**

Plaintiff, Fray Lynch, brings a series of claims against the defendant, of which the following is a statement:

1.      Plaintiff, Fray Lynch, is an African-American woman and a resident of this judicial district.

2.      Defendant, City of Wilmington., is a municipal corporation in the State of Delaware and at all times relevant hereto was Plaintiff's employer.

3.      This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e, et seq., and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory employment practices of defendant. This Court has jurisdiction to adjudicate Ms. Lynch's state law claim pursuant to the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Ms. Lynch filed a timely administrative charge of discrimination with the State of Delaware, Department of Labor, Division of Industrial Affairs, which Charge was dual filed with

the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue letter to Ms. Lynch in care of her attorney, Robert T Vance Jr, and this action is being filed within 90 days of his receipt of the Notice of Right to Sue letter from the EEOC.

5. At all times relevant hereto, defendant was an "employer" within the meaning of Title VII and employed more than 500 persons. The acts set forth in this Complaint were authorized, ordered, and/or done by defendant's officers, agents, employees, and/or representatives while actively engaged in the management and operation of defendant's business.

6. Venue is proper in this District by reason of 28 U.S.C. § 1391 (b) (2) because a substantial number of the actions and omissions that give rise to this case occurred here.

7. Ms. Lynch began working for defendant as a Police Officer on June 14, 1999, and currently is employed in that capacity.

8. Beginning in April 2004 and continuing thereafter, defendant discriminated against Ms. Lynch because of her sex, retaliated against her, sexually harassed her, and subjected her to a hostile work environment.

9. In April 2004, Michael Brown, Executive Director of the William Hicks Anderson Community Center and an elected Councilman for the City of Wilmington, subjected Ms. Lynch to sexual jesters, comments, innuendos, and physical contact. Ms. Lynch immediately advised Brown that she did not welcome his sexual advances and that she wanted to maintain only a professional working relationship with him.

10. Despite Ms. Lynch's statements and protests, Brown continued to harass her because of her sex.

11. In June 2004, Ms. Lynch filed a formal complaint of sexual harassment against Brown with defendant. Defendant's investigation of Ms. Lynch's complaint was unduly long and was designed to protect Brown.

12. While the complaint was pending, defendant retaliated against Ms. Lynch by forcing her to forego certain aspects of her job duties in order to avoid contact with Brown. Over five months later, while the "investigation" of the complaint was ongoing, Ms. Lynch was forced to endure public ridicule and humiliation by Brown in the course of a work assignment, at a community meeting.

13. Defendant's "investigation" determined that Brown had made inappropriate and sexually harassing comments to Ms. Lynch.

14. The harassment Ms. Lynch endured was unwelcome, severe, pervasive, and regular, and became the usual manner in which she was treated by Brown.

15. Ms. Lynch was detrimentally affected by defendant's discrimination, retaliation, and harassment, all of which caused her unjustified mental and emotional stress and impeded her professional development.

16. Defendant does not have effective racial harassment or nondiscrimination policies and procedures. In fact, defendant has not established any meaningful policies, procedures, practices, or controls to ensure equal employment opportunity and nondiscrimination within the workplace.

17. As a direct and proximate result of the hostile work environment in which Ms. Lynch worked and defendant's above-described retaliation, sex discrimination and sexual harassment, Ms. Lynch suffered severe emotional distress and mental anguish.

18.     As a direct and proximate result of the hostile environment in which Ms. Lynch worked and defendant's above-described retaliation, sex discrimination and sexual harassment, Ms. Lynch lost wages, benefits, and incurred other compensable losses and compensatory damages.

19.     Defendant was aware that Ms. Lynch was being subjected to retaliation, sex discrimination and sexual harassment, and a hostile work environment, but failed to timely, adequately, or effectively respond to her complaint and circumstances, and in fact did nothing to stop the retaliation, discrimination, and harassment or to eliminate the hostile work environment.

20.     Defendant's conduct described above was intentional, deliberate, willful, and in callous disregard of Ms. Lynch's rights.

### *Count I*

21.     Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-20, inclusive, of this Complaint.

22.     Defendant discriminated and retaliated against Ms. Lynch and harassed her because of her sex with respect to the terms and conditions of her employment relationship with defendant in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e, et seq.

23.     By reason of defendant's discrimination, retaliation and harassment, Ms. Lynch is entitled to all legal and equitable remedies available under Title VII, including but not limited to damages for mental anguish, emotional distress and punitive damages.

### *Count II*

24.     Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-20, inclusive, of this Complaint.

25.    Defendant discriminated and retaliated against Ms. Lynch and harassed her because of her sex with respect to the terms and conditions of her employment relationship with defendant in violation of 19 Delaware Code Chapter 7.

26.    By reason of defendant's discrimination, retaliation and harassment, Ms. Lynch is entitled to all legal and equitable remedies available under 19 Delaware Code Chapter 7, including, but not limited to, damages for mental anguish and emotional distress.

## Jury Demand

27.    Plaintiff demands a trial by jury of the claims asserted herein.

## Prayer for Relief

WHEREFORE, Plaintiff, Fray Lynch, respectfully prays that the Court:

a.    Enter judgment in her favor and against defendant for all legal and equitable relief available under Title VII and 19 Delaware Code Chapter 7, including, but not limited to, back pay, front pay, interest, fringe benefits, past and future mental anguish and emotional distress, and other compensatory damages in amounts to be determined at trial;

b.    Order defendant to pay punitive damages under Title VII and 19 Delaware Code Chapter 7 in an amount to be determined at trial;

c.    Order defendant to pay her attorney's fees, costs, expenses, disbursements, and expert witness fees under 42 U.S.C. § 1981a and 42 U.S.C. § 1988; and

d.  Grant such other and further relief as the Court deems appropriate.

_____
Kester I. H. Crosse
Williams and Crosse
1214 King Street
Wilmington, DE 19801
302 658 3488

And

Robert T Vance Jr
Robert H Bembry III
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia, PA 19110
215 557 9550

Attorneys for Plaintiff Fray Lynch

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06-351

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fray Lynch

**DEFENDANTS**
City of Wilmington

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Williams & Crosse
1214 King St., Wilmington, DE 19801

Attorneys (If Known)

2006 MAY 25 PM 4:2[?]
FILED U.S. DISTRICT COURT DELAWARE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000d
Brief description of cause:
Sexual harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE None   DOCKET NUMBER _____

DATE May 25, 2006

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06 - 351_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

__5/25/06__
(Date forms issued)

__Malisha Armstrong__
(Signature of Party or their Representative)

__Malisha Armstrong__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action