**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRAY LYNCH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. NO. 06-351 JJF |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF WILMINGTON, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JOINDER OF AN INDISPENSABLE PARTY UNDER CIVIL RULE 19, OR ALTERNATIVE MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(b)(7)**

COMES NOW, Defendant, City of Wilmington ("the City"), by and through its undersigned counsel, and hereby moves this Honorable Court to order Plaintiff, Fray Lynch ("Lynch") to join Michael Brown ("Brown") as a co-defendant, pursuant to Civil Rule 19 (a), or to dismiss Lynch's Complaint, pursuant to Civil Rule 12(b)(7), for failure to join Brown as an indispensable party. In support thereof, the City states as follows.

1. Lynch's Complaint against the City pleads a Title VII claim based upon allegations of sexual harassment in the workplace. *See* Pltf's Cmpl. ¶¶ 21-23. The Complaint avers that Brown sexually harassed Lynch in the workplace, *see id.* at ¶¶ 10-11 and 14. However, the Complaint does not join Brown himself as a co-defendant in this lawsuit.

2. Civil Rule 19(a) requires joinder of all persons needed for just adjudication. More specifically, Rule 19(a)(ii) requires joinder of persons whose absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest."

3. Brown's joinder is necessary for Lynch's Title VII claim because Brown's absence

in this lawsuit could subject the City to multiple or inconsistent liability. Multiple or inconsistent liability would arise if Lynch were to file a second lawsuit against Brown arising from the same facts pled in this lawsuit. If that second lawsuit were filed, Brown may seek indemnification from the City, pursuant to <u>Wilm.C.</u> § 2-178.[1] If Brown seeks and obtains indemnification in the second lawsuit, the City would be forced to defend the same lawsuit twice, possibly incurring double or inconsistent liability in the second lawsuit.

4. The Court's analysis of joinder under Rule 19(a) is two-fold: (1) whether the absent party is necessary, and if so, (2) whether joinder is feasible. *See In Re Rouge Industries, Inc.,* 2005 Del. Bankr. LEXIS 1190 (Del. Bankr. 2005).

5. For the first inquiry, the absent party is necessary if complete relief cannot be granted without joinder of that absent party. *See Wylain, Inc. v. Kidde Consumer Durables Corp.*, 1977 U.S. Dist. LEXIS 16342, *1 (D.Del. 1977). The Third Circuit in *Window Glass Cutters League of America, AFL-CIO, American St. Gobain Corp. et al.*, 428 F.2d 353, 355 (3d Cir. 1970), recognized that joinder is necessary when "there is a substantial risk of inconsistent legal obligations being imposed upon [a party already named in the lawsuit]." This inquiry weighs in favor of Brown's joinder because his absence would potentially expose the City to double or inconsistent liability if all claims arising from Brown's conduct are not resolved in one lawsuit.

6. Because Brown is a necessary party, the second inquiry turns on whether joinder is feasible. Joinder is feasible if the Court has both subject matter jurisdiction and personal jurisdiction. *See In Re Rouge Industries, Inc.,* 2005 Del. Bankr. LEXIS 1190, *11. In the case at bar, this Court has subject matter jurisdiction because Lynch's allegations arise from Brown's alleged

---

[1]The City does not concede that Brown is entitled to indemnification, but recognizes the possibility that Brown may seek indemnification if a second suit is filed.

violation of a federal statute. Brown maintains his residence at 700 South Rodney Street, Wilmington, Delaware 19805, therefore, this Court can obtain personal jurisdiction over Brown through service of process under Civil Rule 4(e).

7. Civil Rule 12(b)(7) provides that claims may be dismissed for failure to join an indispensable party under Rule 19. Because Brown is an indispensable party under Rule 19, Lynch's failure to join him as a co-defendant necessitates: (i.) an Order requiring Lynch to join Brown as a co-defendant, or (ii.) if Lynch does not join Brown as a co-defendant, an Order dismissing Lynch's Complaint pursuant to Civil Rule 12(b)(7).

WHEREFORE, pursuant to Civil Rules 12(b)(7) and 19, Defendant City of Wilmington moves this Honorable Court to order Plaintiff Fray Lynch to join Michael Brown as a co-defendant in this lawsuit, or in the alternative, to dismiss the Complaint for failure to join an indispensable party under Rule 19.

CITY OF WILMINGTON LAW DEPARTMENT

  /s/ Alex J. Mili, Jr.
ALEX J. MILI, JR., ESQUIRE (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FRAY LYNCH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | C.A. NO. 06-351 JJF |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **CITY OF WILMINGTON,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

IT IS HEREBY ORDERED this _____ day of _____, 2006, that pursuant to Civil Rules 12(b)(7) and 19, Defendant City of Wilmington's Motion for Joinder of an Indispensable Party is hereby GRANTED; and

WHEREAS, Plaintiff, Fray Lynch has until the _____ day of _____, 2006 to join Michael Brown as a co-defendant in this lawsuit, or Plaintiff's Complaint will be dismissed for failure to join an indispensable party under Rule 19.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FRAY LYNCH,** : | |
| : | |
| **Plaintiff,** : | |
| : | C.A. NO. 06-351 JJF |
| v. : | |
| : | JURY TRIAL DEMANDED |
| **CITY OF WILMINGTON,** : | |
| : | |
| **Defendant.** : | |

## CERTIFICATE OF SERVICE

I, Alex J. Mili, Jr, Esquire, hereby certify that on this 29th day of September, 2006, a copy of the Defendant's Memorandum of Points and Authorities in Support of Its Motion for Joinder of an Indispensable Party under Civil Rule 19, or Alternative Motion to Dismiss Pursuant to Civil Rule 12(b)(7), was served with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following, and will further notify that this document is available for viewing and downloading from CM/ECF:

Kester I. H. Crosse, Esquire
1214 King Street
Wilmington, DE 19801

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Alex J. Mili, Jr.
ALEX J. MILI, JR., ESQUIRE (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175