IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Fray Lynch, | : | |
| | : | |
|   Plaintiff, | : | |
| | : | |
|   v. | : | Civil Action No. 06-351 JJF |
| | : | |
| City of Wilmington, | : | |
| | : | |
|   Defendant. | : | |

## ORDER

AND NOW, this _____, day of _____, 2006, upon consideration of Defendant's Motion for Joinder of an Indispensable Party Under Civil Rule 19, or Alternative Motion to Dismiss Pursuant to Civil Rule 12(b)(7), and Plaintiff's Answer thereto, it is hereby

ORDERED that Defendant's Motion is DENIED in its entirety.

BY THE COURT:

_____
             J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Fray Lynch, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-351 JJF |
| | : | |
| City of Wilmington, | : | |
| | : | |
| Defendant. | : | |

### PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION FOR JOINDER OF AN INDISPENSABLE PARTY UNDER CIVIL RULE 19, OR ALTERNATIVE MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(b)(7)

Plaintiff, Fray Lynch, by and through her undersigned counsel, hereby answers Defendant's Motion for Joinder of an Indispensable Party Under Civil Rule 19, or Alternative Motion to Dismiss Pursuant to Civil Rule 12(b)(7) ("Defendant's Motion for Joinder"), denying that there is any basis to grant Defendant's Motion for Joinder. The grounds in support of this Answer are set forth in the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

WHEREFORE, Plaintiff, Fray Lynch, respectfully requests that the Court deny Defendant's Motion for Joinder in its entirety.

Dated: December 11, 2006
          /s/ Robert T Vance Jr
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia, PA 19110
215 557 9550

Attorney for Plaintiff, *pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Fray Lynch, : | |
| : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil Action No. 06-351 JJF |
| : | |
| City of Wilmington, : | |
| : | |
|     Defendant. : | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR JOINDER OF AN INDISPENSABLE PARTY UNDER CIVIL RULE 19, OR ALTERNATIVE MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(b)(7)

Plaintiff, Fray Lynch, by and through her undersigned counsel, hereby submits this Memorandum of Points and Authorities in opposition to Defendant's Motion for Joinder of an Indispensable Party Under Civil Rule 19, or Alternative Motion to Dismiss Pursuant to Civil Rule 12(b)(7) ("Defendant's Motion for Joinder").

    1.    In this case, Lynch asserts a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, of sexual harassment in the workplace. Lynch alleges that in April 2004, Michael Brown, Executive Director of the William Hicks Anderson Community Center and an elected Councilman for the City of Wilmington, sexually harassed her. She further alleges that after she filed a complaint against Brown with defendant, defendant retaliated against her.

    2.    Defendant states on its website that William Hicks Anderson Community Center "is the only community center owned and operated by the City of Wilmington." See

http://www.ci.wilmington.de.us/parks/whacc.htm.  Thus, Brown was an employee of defendant at all times relevant to this case.

3.  Defendant contends, nevertheless, that Brown's joinder as a defendant is necessary because Lynch might file a second lawsuit against Brown arising from the same facts pled in this case.

4.  Lynch does not intend to file a second lawsuit against Brown.  Therefore, there is no danger that defendant could be subject to multiple or inconsistent liability, and Brown's presence as a party in this lawsuit is not necessary.  *See*, *e.g.*, *In re Rouge Industries, Inc.*, 2005 Del. Bankr. LEXIS 1190 (Del. Bankr. 2005).

5.  Because Brown is not an indispensable party under Rule 19, this case cannot be dismissed pursuant to Civil Rule 12(b)(7).  *See*, *e.g.*, *Swartz v. Beach*, 229 F. Supp. 2d 1239, 1250-51 (D.Wyo. 2002)(a dismissal will not be granted upon a vague possibility that non-parties have an interest in the lawsuit).

WHEREFORE, Plaintiff, Fray Lynch, respectfully requests that the Court deny Defendant's Motion for Joinder in its entirety.

Dated: December 11, 2006  /s/ Robert T Vance Jr
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia, PA 19110
215 557 9550

Attorney for Plaintiff, *pro hac vice*

## Certificate of Service

      I, Robert T Vance Jr, Esquire, hereby certify that on this December 11, 2006, the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Joinder was filed with the Clerk of Court using the CM/ECF system, and is available for viewing and downloading, and that a copy thereof was sent to the following counsel of record by first class mail, postage prepaid:

      Alex J. Mili, Jr.
      Senior Assistant City Solicitor
      Louis L. Redding City/County Building
      Wilmington, DE 19801

                                                _/s/ Robert T Vance Jr_
                                                Robert T Vance Jr