IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRAY LYNCH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-351-JJF |
| CITY OF WILMINGTON, | : |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion To Dismiss For Failure To Join A Party (D.I. 4). For the reasons discussed, the Motion will be denied.

## I.   BACKGROUND

On May 25, 2006 Plaintiff filed this action alleging gender discrimination, sexual harassment, and retaliation in the workplace under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, and under Delaware state law. Plaintiff has been employed by Defendant as a police officer since 1999. By her Complaint, Plaintiff alleges that Michael Brown, an employee of Defendant, sexually harassed her and subjected her to a hostile work environment starting in April 2004. Plaintiff alleges that she filed a formal complaint with Defendant regarding Brown's conduct, and that, in response, Defendant retaliated against her and discriminated on the basis of her gender. Plaintiff further alleges that Defendant failed to timely and effectively address her concerns.

**II. PARTIES' CONTENTIONS**

By its Motion, Defendant contends that the Court should order Plaintiff to join Mr. Brown as a defendant pursuant to Fed. R. Civ. P. 19, or in the alternative, dismiss the Complaint pursuant to Rule 12(b)(7) for failure to join an indispensable party. Specifically, Defendant contends that Mr. Brown is a necessary and indispensable party under Rule 19 because his absence would expose the Defendant to inconsistent or multiple liability if a second lawsuit were filed. Defendant further contends that the Court has personal and subject matter jurisdiction over Mr. Brown such that joinder is feasible. In response, Plaintiff contends that Brown is not a necessary party because she does not intend to file a second lawsuit against Brown on the same facts alleged here.

**III. DISCUSSION**

Pursuant to Rule 12(b)(7), a case may be dismissed if a party is not joined as required by Rule 19. The burden is on the movant to show that the person to be joined is necessary and, where the necessary party cannot be joined, indispensable. 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1609. Under the Rule 19(a) threshold inquiry, a person should be joined if he is a necessary party to the litigation and the court can exercise personal and subject matter jurisdiction over the person. In pertinent part, Rule 19(a) provides:

> A person. . . shall be joined as a party in the action if 1) in the person's absence complete relief cannot be accorded among those already parties, or 2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may i) as a practical matter impair or impede the person's ability to protect that interest or ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The inquiry under Rule 19(a)(1) is "limited to whether the court can grant complete relief to the persons who are already parties to the action." <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 406-06 (3d Cir. 1993). In the instant action, the Court concludes that complete relief can be granted without the joinder of Mr. Brown. With respect to Rule 19(a)(2), the Court must consider what effect resolution of the suit will have on the absent party. As a practical matter, the inquiry under Rule 19(a)(2)(i) requires the Court to consider whether a decision by this Court would have a preclusive effect in any subsequent action brought against Mr. Brown. No such argument has been raised here.

Under Rule 19(a)(2)(ii), the Court must consider whether the absence of Mr. Brown would expose the Defendant to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." In this regard, Defendant contends that, if Plaintiff were to file a

second lawsuit against Mr. Brown arising from the same facts pled in the instant action, Mr. Brown may seek indemnification from the City.  In the instant action, Plaintiff asserts claims against Defendant for discrimination under federal and state law.  Plaintiff alleges that Defendant discriminated on the basis of her gender and retaliated as a result of her complaints of sexual harassment against Mr. Brown.  In contrast, a subsequent suit by Plaintiff against Mr. Brown would presumably, based on the facts before the Court, involve allegations of sexual harassment; not discrimination or retaliation.  Thus, Plaintiff's potential claims against Mr. Brown involve separate and distinct causes of action and elements, and therefore, the Court concludes that there is no risk of inconsistent judgments if Mr. Brown is not joined in the instant action.

Additionally, the Court concludes that if, in a subsequent suit, Mr. Brown were to seek indemnification from the Defendant, Defendant's concerns that it would be forced to defend the same lawsuit are not warranted because Defendant would be subject to liability on a different set of factual and legal questions.  For example, whether Defendant is found liable for discrimination in the instant action does not conclusively answer whether Defendant must indemnify Mr. Brown.  Thus, the Court concludes that Mr. Brown is not a necessary party under Rule 19(a) and need not be joined in the instant action.  Because the threshold inquiry

under Rule 19(a) is not met, the Court need not address whether Mr. Brown is indispensable under Rule 19(b). Accordingly, Defendant's Motion will be denied.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion To Dismiss For Failure To Join A Party (D.I. 4) will be **DENIED**.

June 8, 2007

_____
UNITED STATES DISTRICT JUDGE