IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FRAY LYNCH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | C.A. NO. 06-351 JJF |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **CITY OF WILMINGTON,** | : | |
| | : | |
| **Defendant.** | : | |

## ANSWER

1. Admitted.

2. Admitted.

3. This averment states a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits jurisdiction.

4. Defendant admits that Plaintiff filed the charges referenced therein, but Defendant denies the substance of those charges.

5. Admitted that Defendant is Plaintiff's employer. Defendant denies that all acts of Michael Brown were authorized or ordered by Defendant, and further denies that the acts of Michael Brown that are the subject of this Complaint were the active management and operation of Defendant.

6. This averment states a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits venue.

7. Admitted.

8. Denied.

9. Admitted that Michael Brown was Executive Director of William Hicks Anderson

Community Center in April of 2004. Denied that Michael Brown was an elected Councilman in April of 2004. Defendant does not have sufficient information to admit or deny that Brown subjected Plaintiff to sexual jesters, comments, innuendos, and physical contact. Defendant admits that Plaintiff made such an allegation about Brown, and Brown denied the allegation. Defendant does not have sufficient information to admit or deny that Lynch asked Brown to cease his alleged advances. Defendant admits that Plaintiff made such an allegation about Brown, and that Brown denied the allegation.

10. Defendant does not have sufficient information to admit or deny that Brown continued to harass Lynch because of her sex. Defendant admits that Plaintiff made such an allegation, and that Brown denied that allegation.

11. Admitted that Plaintiff filed a formal complaint of sexual harassment against Brown. Denied that Defendant's investigation was unduly long or designed to protect Brown.

12. Denied that Lynch was forced to forego certain aspects of her job in order to avoid contact with Brown. As for any such humiliation or public ridicule that may have been inflicted by Brown, such actions of Brown did not occur during City business hours, did not occur on City property, and did not occur in Brown's capacity as an agent or employee of Defendant.

13. Defendant admits that its investigation determined the Brown made one inappropriate comment to Lynch, for which Brown was reprimanded by Defendant. Defendant's investigation could not substantiate any sexually harassing comments, particularly when Lynch's own eyewitness (Gene Brown) did not substantiate Lynch's allegations about sexually harassing comments.

14. Denied.

15. Defendant does not have sufficient information to admit or deny that Plaintiff was detrimentally affected, suffered mental or emotional stress, or was impeded in her professional

development. To the extent that such detriments are proven, Defendant denies that they were proximately caused by any action or inaction of Defendant.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants hereby incorporate all responses set forth at Paragraphs 1 through 20.

22. Denied.

23. Denied.

24. Defendants hereby incorporate all responses set forth at Paragraphs 1 through 23.

25. Denied.

26. Denied.

27. This averment sets forth a demand to which no response is required.

## AFFIRMATIVE DEFENSES

28. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

29. Plaintiff has failed to join all necessary parties, in contravention of Fed.R.Civ.P. 19(a).

30. The actions and conduct of Defendant were undertaken without malice or discriminatory intent and in the good faith performance of its official duties.

31. The actions and conduct of Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

32. Plaintiff is not entitled to punitive damages, nor is Defendant subject to an award

of punitive damages.

33. Defendant did not know, or have reason to know, of any of Plaintiff's allegations of discrimination or retaliation

34. The actions and conduct of Defendant do not rise to the level of a constitutional or statutory violation, therefore, Plaintiff did not suffer any infringement of her constitutional rights or rights secured by any federal or state statute.

35. Defendant took reasonable care to prevent any acts of discrimination and/or retaliation.

36. Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by Defendant with regard to any alleged acts of discrimination and/or retaliation.

37. Defendant is not vicariously liable for any alleged acts of discrimination committed by Michael Brown, even if proven.

38. None of the allegations set forth in Plaintiff's Complaint constitutes a "materially adverse change" in Plaintiff's employment.

39. None of the allegations set forth in Plaintiff's Complaint constitutes a "tangible employment action."

40. Nineteen Del.C. § 2304 is Plaintiff's exclusive remedy for her claims of work-related stress.

41. Defendant's liability, if any, for pendant state law claims is limited by 10 Del. C. §4013.

42. Plaintiff has failed to mitigate his damages, if any.

**WHEREFORE**, Defendant, City of Wilmington, prays that this Honorable Court dismiss

Plaintiff's Complaint, assess costs and reasonable attorney's fees against Plaintiff, and order such other relief as this Court deems appropriate.

                                          CITY OF WILMINGTON LAW DEPARTMENT

                                            /s/ Alex J. Mili, Jr.
                                          ALEX J. MILI, JR., ESQUIRE (I.D. #4125)
                                          Senior Assistant City Solicitor
                                          Louis L. Redding City/County Building
                                          800 N. French Street, 9th Floor
                                          Wilmington, DE 19801
DATE:      June 28, 2007                 (302) 576-2175

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FRAY LYNCH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **C.A. NO. 06-351 JJF** |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF WILMINGTON** | : | |
| | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 28th day of June, 2007, a copy of Defendant's Answer to the Complaint was served with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and that these documents are available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Kester I. H. Crosse, Esquire | Robert T. Vance, Jr., Esquire |
| Williams and Crosse | Robert H. Bembry, III, Esquire |
| 1214 King Street | Law Offices of Robert T. Vance, Jr. |
| Wilmington, DE 19801 | 100 South Broad Street, Suite 1530 |
| | Philadelphia, PA 19110 |

CITY OF WILMINGTON LAW DEPARTMENT

  /s/ Alex J. Mili, Jr.
ALEX J. MILI, JR., ESQUIRE (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175