IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Fray Lynch,                              :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :     Civil Action No. 06-351 JJF
                                         :
City of Wilmington,                      :
                                         :
          Defendant.                     :

## ORDER

AND NOW, this _____, day of _____, 2006, upon consideration of Defendant's

Motion for Summary Judgment, and Plaintiff's Answer thereto, it is hereby

ORDERED that Defendant's Motion is DENIED in its entirety.


BY THE COURT:


_____
                        J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Fray Lynch,                 :
                                     :
        v.                      :       Civil Action No. 06-351 JJF
                                       :
City of Wilmington,        :

## **PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Fray Lynch, by and through her undersigned counsel, hereby answers

Defendant's Motion for Summary Judgment, denying that there is any basis to dismiss any of

her claims.  The grounds in support of this Answer are set forth in the accompanying

Answering Brief, which is incorporated herein by reference.

WHEREFORE, Plaintiff, Fray Lynch, respectfully requests that the Court deny

Defendant's Motion for Summary Judgment in its entirety.

Dated: November 26, 2007                      /s/ Robert T Vance Jr
                                      Robert T Vance Jr
                                      Law Offices of Robert T Vance Jr
                                      100 South Broad Street, Suite 1530
                                      Philadelphia, PA 19110
                                      215 557 9550

                                      G. Kevin Fasic
                                      Law Office of G. Kevin Fasic
                                      1225 King Street, Suite 200
                                      Wilmington DE 19801

                                      Attorneys for  the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Fray Lynch, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-351 JJF |
| | : | |
| City of Wilmington, | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia PA 19110

G. Kevin Fasic
Law Office of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington DE 19801

Attorneys for the Plaintiff

Dated: November 26, 2007

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Table of Authorities ................................................................... ii

Nature and Stage of Proceedings ............................................ 1

Summary of Argument ............................................................ 2

Statement of Facts .................................................................. 3

Argument ................................................................................ 4

    A.    Summary Judgment Standard ................................. 4

    B.    The Legal Standard for Sexual Harassment Claims ...... 6

        1.    Officer Lynch suffered intentional gender-based discrimination ...... 6

        2.    Brown's conduct was severe, pervasive and objectively unreasonable ...... 8

        3.    Officer Lynch has established defendant's respondeat superior liability ...... 11

    C.    The Legal Standard for Retaliation Claims ...... 12

        1.    Officer Lynch suffered an adverse employment action ...... 13

        2.    There is a causal nexus between Officer Lynch's complaint and Brown's conduct ...... 14

        3.    Defendant's stated reason for Brown's berating of Officer Lynch is pretextual ...... 16

Conclusion .............................................................................. 18

Certificate of Service .............................................................. 19

## NATURE AND STAGE OF PROCEEDINGS

In this case, Plaintiff, Fray Lynch, a City of Wilmington police officer, contends pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 *et seq.*, that another employee of defendant, Michael Brown, sexually harassed her, and later retaliated against her for filing a formal complaint of sexual harassment against him. Discovery has been completed. On November 14, 2007, defendant filed its Motion for Summary Judgment. Pursuant to Order of this Court, Officer Lynch files this Answering Brief in opposition to Defendant's Motion for Summary Judgment.

## SUMMARY OF ARGUMENT

1.      Defendant's motion for summary judgment with respect to Officer Lynch's sexual harassment claim must be denied because (a) she has established intentional gender-based discrimination by the City, (b) Brown's conduct was severe and pervasive from the objective vantage point of a reasonable employee, and (c) the City is vicariously liable for Brown's conduct because the City's purported remedial measures taken against him were neither timely nor adequate.

2.      Defendant's motion for summary judgment with respect to Officer Lynch's retaliation claim must be denied because Brown's conduct toward her constituted adverse employment action by the City.  Moreover, the City is liable for Brown's conduct because he was acting in his capacity as a City employee at the time and the purported justification for his conduct is pretextual.

<u>STATEMENT OF FACTS</u>

For purposes of this Motion, Officer Lynch accepts defendant's Statement of Facts, except as set forth in the Argument section of this Brief.

## ARGUMENT

### A.     Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323.  When the moving party does not bear the burden of persuasion at trial, as is the case here, its burden "may be discharged by 'showing' – that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*.

To defeat a motion for summary judgment, the non-movant need only produce evidence sufficient to establish the existence of a genuine issue of material fact regarding the essential elements of her case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The nonmoving party need not match, item for item, each piece of evidence proffered by the movant, but simply must exceed the "mere scintilla" standard to raise a genuine issue of

material fact.  *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d

1224, 1230 (3d Cir. 1993).

A summary judgment motion does not empower a court to act as the jury and

determine witness credibility, weigh the evidence, or choose between competing inferences.

*Peters v. Delaware River Port Authority of Pa. and N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

Credibility determinations and the weighing of evidence must be left to the jury.  *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In reviewing the evidence submitted by the parties, a court must grant all reasonable

inferences arising therefrom in favor of the non-movant, *Matsushita Elec. Indus. Corp. v.*

*Zenith Radio Corp.*, 475 U.S. 574 (1986), and "the evidence of the nonmovant is to be

believed," *Anderson*, *supra*, 477 U.S. at 255.  Inferences should be drawn in the light most

favorable to the nonmoving party, and where the nonmoving party's evidence contradicts

the movant's, the nonmoving party's evidence must be taken as true.  *Big Apple BMW, Inc.*

*v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 113 S. Ct.

1262 (1993).

In employment discrimination cases, where intent and credibility are critical, a court

must apply the summary judgment evidentiary standards with particular care.  *Senner v.*

*Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997).  In fact, at least one court

has noted that the ascertainment of intent may defeat summary judgment.  "[I]n a Title VII

action, where a defendant's intent and state of mind are placed at issue, summary judgment is

ordinarily inappropriate." *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991) (citations omitted).

## B.    The Legal Standard for Sexual Harassment Claims

To make out a *prima facie* case of sexual harassment, Officer Lynch must show that: (1) she suffered intentional discrimination because of her gender; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would have detrimentally affected a reasonable person of the same gender in the same position; and (5) that *respondeat superior* liability exists. *See Tusker v. Defendant & Co., Inc.,* No. Civ. A. 03-5015, 2004 WL 1368823, at *14 (E.D. Pa. June 17, 2004). In evaluating a sexual harassment claim, a court must "analyze the aggregate effect of all evidence and reasonable inferences therefrom…." *Cardenas v. Massey*, 269 F.3d 251, 261 (3d Cir. 2001) (emphasis added).  Defendant has conceded that Officer Lynch established the third prong of her *prima facie* claim.  As set forth below, Officer Lynch has made out all of the other elements of a *prima facie* case of sexual harassment.

### 1.    Officer Lynch suffered intentional gender-based discrimination

To qualify as intentional discrimination and satisfy the first prong of the *prima facie* analysis, defendant's acts must be based on plaintiff's protected class membership and may be motivated by either "discrimination or retaliation." *Johnson v. Souderton Area Sch. Dist.*, 1997 WL 164264 (E.D. Pa. April 1, 1997), at *5.  In this case, the evidence demonstrates that Brown's statements to and conduct towards Officer Lynch were motivated by sex discrimination.

Officer Lynch testified in her deposition and described in her formal Harassment Complaint that Brown's statements to her were motivated by his desire to have sexual contact with her. (A4-A5, A29-A33, A55-A56) His comments admit of no other conclusion, and defendant has not seriously suggested otherwise. Telling Officer Lynch that her pants "fit nice and tight," inquiring about whether she intended to wear a thong bikini during a trip to Miami, requesting that she take him with her to Miami, asking her to "hook a brother up," and suggesting that "with the lights out" she could have sex with both Brown and a co-worker clearly are statements motivated by her gender. Moreover, as Officer Lynch testified and as stated in the Harassment Complaint, Brown had made sexually suggestive comments to her in the past, both at the William Hicks Anderson Community Center and away from the Center when Officer Lynch was performing her required duties. His comments humiliated her, belittled her and made her feel uncomfortable to be alone in his presence. And like most cases of sexual harassment, Brown made inappropriate comments to Officer Lynch when no one else was present. Brown's May 2004 comments and conduct that resulted in her June 2004 complaint were the proverbial "last straw" for Officer Lynch.

Clearly, therefore, the conduct of which Officer Lynch complained was much more than the "one offensive comment" suggested by defendant. See Defendant's Brief at 8. And the incident of May 2004 that impelled Officer Lynch to file the Harassment Complaint was not an isolated incident. Rather, she expressly included within the Harassment Complaint the allegation that Brown had made sexually inappropriate statements and acted inappropriately towards her in the past.

Defendant's contention that the Court cannot rely on Officer Lynch's version of events to establish the first prong of her *prima facie* case because of an alleged lack of corroborating evidence simply is incorrect.  First, a court may not resolve issues of credibility in deciding a motion for summary judgment, which is exactly what would be required in order to find that Brown's statements were not motivated by gender.  Second, she is entitled to all reasonable inferences arising from the evidence.  Here, the only inference that can possibly be drawn from Brown's statements and conduct is that his actions were motivated by Officer Lynch's gender.  And defendant's own investigation resulted in a finding that Brown used sexually explicit language and that his comments were inappropriate.  (PA-20)[1]

Accordingly, the Court should find that Officer Lynch has established the first prong of a *prima facie* case of sexual harassment.

### 2.    Brown's conduct was severe, pervasive and objectively unreasonable

The evidence establishes beyond doubt that Brown's conduct toward Officer Lynch was severe and pervasive and such as would alter the conditions of employment of a reasonable female police officer.  Defendant contends that four factors demonstrate that Brown's conduct was neither severe nor pervasive nor objectively unreasonable.  None of those factors compels that conclusion.

First, as discussed above, Officer Lynch did not complain to defendant about one encounter with Brown during which he sexually harassed her.  Rather, the June 2, 2004

---

[1] References to "PA" are to Plaintiff's Appendix in Opposition to Defendant's Motion for Summary Judgment.

Harassment Complaint expressly refers to prior incidents of sexually inappropriate

statements and conduct of Brown:

> "Mike Brown has made several comments to me making suggestions that
> he wanted to get to know this officer on a personal level.  Mike Brown
> has told me that the pants being worn while on duty were fitting rather
> nicely or those pants look good on you; you can see everything.  Some
> of the comments made have been compliments however the majority
> of them have a sexual overtone that makes me feel uncomfortable to be
> around Mike Brown by myself.  Mike Brown only makes these comments
> when I am by myself and not in the company of anyone else: other than
> that one incident with Gene.  These comments are not always made while
> at the Hicks Community Center but also if I see Mike while in the course
> of the day performing my daily duties.  This kind of harassment started
> a few months after I was transferred to the Weed and Seed unit." (A5)

Moreover, despite the fact that Officer Lynch was relieved of any further contact

with Brown after she filed the Harassment Complaint, Brown continued to interact with her

while defendant investigated the Harassment Complaint by, *inter alia*, harassing her at a

November 23, 2004 meeting of the West Center City Neighborhood Planning Advisory

Council ("WCCNPAC").  (PA13-PA18, PA20-PA23, PA27-PA28, PA30-PA35)  He was able

to do so because the City did not complete its "investigation" of Officer Lynch's June 2, 2004

complaint until December 7, 2004, two (2) weeks after the WCCNPAC meeting.  (A6)  In

fact, he was not ordered to refrain from personal contact with Officer Lynch until December

13, 2004, more than six (6) months after her complaint.  (A12)  Had it not been for the

intervention of Capt. Marlyn Dietz, the City may never have completed its investigation.

Defendant was embarrassed into resolving Officer Lynch's complaint by Capt. Dietz's

November 24, 2004 memorandum to the Chief of Police.  (PA15-PA18, PA31)

Second, defendant's assertion that Brown never physically threatened Officer Lynch is a red herring.  Although technically correct, the law does not require that a harasser physically threaten his victim in order to find that his conduct was severe, pervasive or unreasonable.  Thus, that Brown did not physically threaten Officer Lynch does not mean that she has failed to establish either the second or the fourth prong of a *prima facie* case of sexual harassment.

Third, the evidence shows that Brown's conduct interfered with Officer Lynch's work performance.  As a member of the Weed and Seed unit, one of her duties was to patrol her designated area, including the Hicks Anderson Community Center.  As a direct result of Brown's conduct, Officer Lynch was prevented from performing that aspect of her duties.  (A36)  Moreover, Brown interfered with her work performance even after he was sworn in as a member of defendant's City Council by coming into Officer Lynch's workplace in the police headquarters building.  (A44-A46)

Fourth, the facts are not in dispute that Officer Lynch was psychologically harmed by Brown's conduct.  In the June 2, 2004 Harassment Complaint she stated that she was "humiliated and belittled by the comments made by Mike Brown."  (A5)  Moreover, progress notes from her physician, Dr. Anjala B. Pahwa, indicate that Officer Lynch experienced depression as a result of Brown's comments and conduct, received medication to treat the depression, and that the depression lasted at least through March 2005.  (PA1-PA4)  Officer Lynch was also treated by a clinical psychologist, Gail Levinson, because of stress associated with Brown's statements and conduct.  (A47-A48)

Thus, contrary to defendant's position, the totality of these factors shows that Officer Lynch has established that Brown's comments and conduct were severe, pervasive and objectively unreasonable.

### 3.     Officer Lynch has established defendant's *respondeat superior* liability

Officer Lynch has established defendant's *respondeat superior* liability because defendant was aware of Brown's sexually harassing statements and conduct, but failed to take prompt remedial action.  Officer Lynch complained to defendant about Brown's sexually harassing statements and conduct on June 2, 2004.  Her complaint was forwarded to defendant's Personnel Department on June 8, 2004.

After she filed the complaint she was relieved of any official contact with Brown. However, the City's investigation of her complaint proceeded at a snail's pace.  Although interviews of Officer Lynch, Brown and Gene Brown were conducted and completed by August 2004, defendant's Personnel Director, Monica Gonzalez-Gillespie, failed to issue her findings and recommendation until December 7, 2004.  At her deposition, she claimed that she was "busy" in September, October and November, and therefore could not issue her findings and recommendations until December 7, 2004.  (A227)  In truth, however, she simply failed to issue findings and recommendations until she was embarrassed into doing so by a memorandum from Captain Marlyn Dietz to the Chief of Police complaining about the lack or resolution of Officer Lynch's June 2004 complaint and Brown's harassing conduct towards her at the November 23, 2004 WCCNPAC meeting.  (A31)  Because defendant dragged its feet investigating Officer Lynch's June 2004 complaint, Brown effectively was

free to continue to harass her. He took full advantage of that opportunity by his shameful conduct at the WCCNPAC meeting.

Therefore, the facts are in dispute concerning whether defendant's complaint procedure was effective and whether defendant took prompt remedial action in response to Officer Lynch's June 2, 2004 complaint. Accordingly, the Court cannot conclude that Officer Lynch has not established *respondeat superior* liability, and summary judgment cannot be granted in defendant's favor on Officer Lynch's sexual harassment claim.

## C.    The Legal Standard for Retaliation Claims

To establish a *prima facie* retaliation claim under Title VII, a plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Weston v. Commonwealth of Pa.,* 251 F.3d 420, 430 (3d Cir. 2001). Once a plaintiff establishes a *prima facie* case, the employer may rebut the claim by proffering a legitimate, non-discriminatory reason for the adverse action. *Smith v. Henderson*, 39 Fed. Appx. 760 (3d Cir. 2002). The burden then shifts back to the plaintiff to show that the proffered reason is pretextual. *Id.*

Defendant contends that Officer Lynch's retaliation claim must be dismissed because 1) no adverse employment action was taken against her, 2) there is no causal connection between Brown's comments at the WCCNPAC meeting and Officer Lynch's harassment complaint, and 3) Brown had a legitimate, non-retaliatory reason for berating Officer Lynch

at the WCCNPAC meeting.  As discussed below, the facts are in dispute concerning each of these factors.

### 1.     Officer Lynch suffered an adverse employment action

The second element of a retaliation claim, that the plaintiff have suffered an adverse employment action, was clarified recently by the Supreme Court in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. ___, 126 S. Ct. 2405 (2006).[2]  The Supreme Court held that in order to make out an adverse employment action, a plaintiff must show that a reasonable employee would have found that the challenged action might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  Moreover, the discriminatory action need not affect the terms and conditions of employment.  The Supreme Court further explained, "the significance of any given act of retaliation will often depend upon the particular circumstances.  Context matters."

Applying that standard to the facts of this case, it is clear that Officer Lynch suffered an adverse employment action.  Brown's berating and belittling of Officer Lynch at the WCCNPAC meeting went beyond the petty slight, minor annoyance or simple lack of good manners that would not qualify as an adverse employment action.  His vitriolic diatribe against Officer Lynch was directly related to and caused by his disquiet with the fact that her complaint was being handled at all, instead of being "squashed" by the Police Department, as Brown commented to one police officer.  (PA41)   *Burlington* requires this Court to

---

[2] The cases relied upon by defendant in its Opening Brief at p. 15 are not accurate statements of the law regarding the adverse employment action requirement.

determine whether, in the particular circumstances present, Brown's statements and conduct at the WCCNPAC meeting would be likely to dissuade a reasonable police officer in Officer Lynch's position from complaining about sexual harassment. Officer Lynch contends that the facts are in dispute on this point, and therefore, that the Court cannot find that she did not suffer an adverse employment action.

Defendant also contends with respect to this issue that Brown was acting as a private citizen at the WCCNPAC. However, the deposition testimony, including Brown's own testimony, reveals that Brown typically attended such community meetings in his capacity as a city employee, that the attendees at the meeting knew him to be a high profile city employee, that when attending events in a private capacity he makes clear that he is not representing the City, and that he never announced to anyone at the meeting that he was either attending or speaking as a private citizen and not as a city employee.

Accordingly, this factual dispute about whether Brown was acting in a private capacity at the WCCNPAC meeting does not compel a finding that Officer Lynch did not suffer an adverse employment action.

### 2. There is a causal nexus between Officer Lynch's complaint and Brown's conduct.

The third element of a retaliation claim is that a plaintiff must show a causal connection between the action taken *by* her (her complaint) and the action taken *against* her (the adverse employment action). Courts allow plaintiffs to prove this link in any manner they choose; the Third Circuit has stated that it is "willing to explore the record in search of

evidence, and our case law has set forth no limits on what we have been willing to consider." *Farrell*, 206 F.3d at 281 (reversing summary judgment on retaliation claim).

Immediate retaliation is not required. A plaintiff *may* adduce evidence of a close time interval between her complaint and the adverse employment action in order to satisfy the last prong of the retaliation standard. *See*, *e.g.*, *Jalil v. Avdel Corp.*, 873 F.2d 701 (3d Cir. 1989); *cert*. *denied*, 493 U.S. 1023 (1990). An employee may also prove that the employer's conduct is retaliatory by showing a "pattern of antagonism" following the protected conduct, or through any evidence that tends to prove a causal connection. *Farrell*, 206 F.3d at 280, *citing* *Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997).

Here, the temporal proximity of Officer Lynch's complaint and Brown's retaliatory action, and the testimony of Capt. Marlyn Dietz regarding Brown's state of mind, establish the required causal link. Officer Lynch filed the Harassment Complaint on June 2, 2004. Brown berated and belittled her at the WCCNPAC meeting on November 23, 2004, a period of less than six (6) months. Moreover, Brown told another police officer that he was upset that defendant's Police Department had not handled Officer Lynch's complaint internally. (PA41) This evidence shows Brown's state of mind around the time of the WCCNPAC meeting. And the testimony of those present at the meeting demonstrates that Brown was particularly animated in his statements against Officer Lynch and referred to her as "Miss Fray" rather than "Officer Lynch," which is further evidence of the personal nature or Brown's comments. (PA17-PA18) This evidence stands in stark contrast to defendant's

assertion that Brown was complaining about the police generally.  *See Defendant's Opening Brief at 15*.

Accordingly, the evidence shows that there is a causal nexus between Officer Lynch's sexual harassment complaint and Brown's public berating of her at the WCCNPAC meeting.

### 3.    Defendant's stated reason for Brown's berating of Officer Lynch is pretextual

Defendant contends that Brown berated and humiliated Officer Lynch at the WCCNPAC meeting because he was concerned about an alleged lack of police presence in West Center City.  The evidence shows, however, that his inexcusable conduct was motivated by his discontent that he was the subject of yet another sexual harassment investigation.

Brown testified that he "questioned" Officer Lynch at the WCCNPAC meeting because he was concerned about an alleged lack of Weed and Seed police officer presence in the area surrounding the Hicks Anderson Community Center.  However, he also testified that he regularly attended meetings with high-ranking federal and city officials, including the U.S. Attorney for the District of Delaware and Police Inspectors, about the Weed and Seed program and regularly complained to them about an alleged lack of Weed and Seed police officer presence in that area.

Raising such concerns to these persons makes sense because, by virtue of their positions, they would have the authority to order changes in patrol frequency and jurisdiction.  But it makes no sense to raise such concerns with a police officer at Officer

Lynch's level who does not possess that kind of authority.  Thus, Brown's explanation that he criticized Officer Lynch at the WCCNPAC meeting about the alleged lack of police presence in his area simply is not plausible because he knew that he could accomplish nothing by doing so.  Officer Lynch was powerless to respond effectively to his concerns.  In contrast, the officials he regularly met with were able to do so.

That Brown's stated reasons for berating Officer Lynch are pretextual is further supported by the testimony of Capt. Marlyn Dietz.  Capt. Dietz testified that Brown expressed to Captain Ayala his contempt for Capt. Dietz because Capt. Dietz pushed the Personnel Department to complete the investigation of Officer Lynch's complaint.  Brown further told Captain Ayala that the Police Department should have "squashed" Officer Lynch's complaint.  (PA41)

Based upon this evidence, and the reasonable inferences that can be drawn from it, the jury could conclude that Brown's stated reason for berating Officer Lynch was false, and that the real reason he did so was because he was upset that she had filed a sexual harassment complaint against him.

The law permits the court to examine evidence of discriminatory acts by defendant's employees against other individuals in order to determine motive for a retaliatory action. *See, e.g., Aman*, 85 F.3d at 1086; *Glass v. Philadelphia Elec. Co.*, 34 F.3d 188, 194 (3d Cir. 1994).  In this case, there is evidence in the record that Brown had sexually harassed female employees in the past.  The jury is entitled to consider this evidence in determining whether Brown's stated reasons for berating Officer Lynch are pretextual.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff, Fray Lynch, respectfully requests that the Court

deny Defendant's Motion for Summary Judgment in its entirety

_____*/s/ Robert T Vance Jr*_____

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia, PA 19110
215 557 9550

G. Kevin Fasic
Law Office of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington DE 19801

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Fray Lynch                            :
                                      :
            v.                        :        Civil Action No. 06-351 JJF
                                      :
City of Wilmington                    :

## Certificate of Service

I hereby certify that on November 26, 2007, I filed the foregoing Plaintiff's Answer to

Defendant's Motion for Summary Judgment, and Memorandum of Law in Opposition,

electronically through the Court's CM/ECF system and that a copy of the same is available

for viewing and downloading thereon:


Alex J.Mili, Jr.
Senior Assistant City Solicitor
800 N. French Street, 9th Floor
Wilmington DE 19801


Dated: November 26, 2007              _____/s/ *Robert Thomas Vance Jr*_____
                                      Robert Thomas Vance Jr
                                      Attorney for the Plaintiff