IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FRAY LYNCH,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. NO. 06-351 JJF |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **CITY OF WILMINGTON,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

                                        Alex J. Mili, Jr., Esquire (I.D. #4125)
                                        Senior Assistant City Solicitor
                                        Louis L. Redding City/County Building
                                        800 N. French Street, 9th Floor
                                        Wilmington, DE 19801
                                        (302) 576-2175
                                        Attorney for Defendant City of Wilmington

Dated: November 30, 2007

**TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.    PLAINTIFF HAS FAILED TO ESTABLISH ALL ELEMENTS OF A GENDER-BASED HOSTILE WORK ENVIRONMENT CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    PLAINTIFF HAS NOT MOVED BEYOND HER PLEADINGS TO ESTABLISH INTENTIONAL, GENDER-BASED CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.    PLAINTIFF HAS NOT CITED ANY EVIDENCE IN THE RECORD THAT WOULD ESTABLISH SEVERE OR PERVASIVE CONDUCT . . . . . . . . . . . 3

        C.    PLAINTIFF HAS NOT ESTABLISHED RESPONDEAT SUPERIOR LIABILITY BECAUSE SHE HAS FAILED TO CITE ANY INCIDENTS OF SEXUAL HARASSMENT THAT OCCURRED AFTER SHE LODGED A FORMAL COMPLAINT AGAINST M. BROWN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.    PLAINTIFF HAS FAILED TO ESTABLISH THE PRIMA FACIE ELEMENTS OF RETALIATION, AND PLAINTIFF HAS ALSO FAILED TO REBUT THE CITY'S NON-RETALIATORY EXPLANATION FOR M. BROWN'S CRITICISMS ABOUT POLICE DEPLOYMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    M. BROWN'S CRITICISMS ABOUT POLICE DEPLOYMENT DO NOT CONSTITUTE AN ADVERSE EMPLOYMENT ACTION, AND EVEN IF THEY DID, SUCH ACTIONS CANNOT BE IMPUTED TO THE CITY . . . . . . . . . . 6

        B.    THERE IS NO CAUSAL NEXUS BETWEEN PLAINTIFF'S HARASSMENT COMPLAINT AGAINST M. BROWN AND M. BROWN'S CRITICISM AT THE COMMUNITY MEETING ABOUT POLICE DEPLOYMENT . . . . . . . . . . . . 7

        C.    PLAINTIFF HAS FAILED TO REBUT THE CITY'S NON-RETALIATORY EXPLANATION THAT M. BROWN'S COMMENTS AT THE COMMUNITY MEETING WERE ATTRIBUTABLE TO HIS GENUINE CONCERN ABOUT THE LACK OF POLICE PRESENCE IN WEST CENTER CITY . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF CITATIONS**

**Cases**

*Bray v. Marriott Hotels*, 110 F.3d 986 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Burlington v. White*, ____U.S. _____ , 126 S.Ct. 2405 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

*Caver v. City of Trenton*, 420 F.3d 243 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hicks v. St. Mary's Honor Ctr.*, 509 U.S. 502 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Paris v. Christiana Care*, 197 F. Supp. 2d 111(D. Del. 2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Poland v. Computer Sciences Corp.,* 2005 U.S. Dist. LEXIS 22618 (D.Del. 2005) . . . . . . . . . . . . . . . . . 2

*Scott v. State of New Jersey*, 2005 U.S.App. LEXIS 15856 (3d Cir. Aug. 1, 2005) . . . . . . . . . . . . . . . . 6

*Seldomridge v. Uni-Marts, Inc.*, 2001 U.S. Dist. LEXIS 9491(D. Del. 2001)  . . . . . . . . . . . . . . . . . . . . 4

*Trunzo v. Ass'n of Prop. Owners of the Hideout, Inc.,* 2004 U.S.App. LEXIS 1639 (3d Cir. 2004) . . . . 5

## SUMMARY OF ARGUMENTS

1.  Plaintiff's hostile work environment claim fails because she has not moved beyond the allegations of her pleadings to cite any evidence in the record of (1) intentional gender-based conduct, (2) severe and pervasive conduct, or (3) incidents of sexual harassment occurring after Plaintiff lodged her internal complaint.

2.  Plaintiff's retaliation claim must fail because (1) M. Brown's general criticism of the police at a community meeting does not constitute an adverse employment action for Plaintiff, (2) there is no causal link between Plaintiff's internal harassment complaint and M. Brown's criticism of the police at the community meeting, and (3) Plaintiff has not rebutted M. Brown's non-retaliatory justification for his criticism of the police – his concern about the lack of police presence in West Center City.

## ARGUMENTS

I. **PLAINTIFF HAS FAILED TO ESTABLISH ALL ELEMENTS OF A GENDER-BASED HOSTILE WORK ENVIRONMENT CLAIM**

Plaintiff's hostile work environment claim fails for the following three reasons. First, Plaintiff has not developed the record (beyond her mere allegations) to establish that M. Brown engaged in any intentional, gender-based conduct. Second, Plaintiff has not established that M. Brown's alleged conduct is "severe and pervasive". Third, Plaintiff has failed to establish the City's respondeat superior liability because she cannot cite any gender-based conduct or incidents of sexual harassment that occurred after she submitted her internal complaint about M. Brown.

A. **PLAINTIFF HAS NOT MOVED BEYOND HER PLEADINGS TO ESTABLISH INTENTIONAL, GENDER-BASED CONDUCT**

The first prong of Plaintiff's hostile work environment claim remains unsatisfied because she has not moved beyond the allegations of her pleadings to establish gender-based harassment. Though she restated her allegation that M. Brown made sexually suggestive comments, mere allegations are not enough to overcome summary judgment. *See Poland v. Computer Sciences Corp.,* 2005 U.S. Dist. LEXIS 22618, at *2 (D.Del. 2005)("[the non-movant] must demonstrate the existence of a material fact supplying sufficient evidence - not mere allegations - for a reasonable jury to find for the non-movant."). M. Brown was deposed at length, and he denied making these comments. (M. Brown A141-146) Plaintiff contends that Brown's co-worker, G. Brown, witnessed some of these comments. When the City investigated Plaintiff's allegation in 2004, G. Brown denied that M. Brown made these comments. (A7) Plaintiff did not depose G. Brown in this case, nor did she offer any witnesses or evidence to corroborate her allegation that M. Brown made these comments. Plaintiff's version of events consists of allegations, and nothing more.

Plaintiff argues that "she is entitled to all reasonable inferences arising from the evidence. (PAB 8) However, Plaintiff overlooks the fact that there is no evidence from which to reasonably infer. Although M. Brown admitted that he asked Plaintiff to "hook a brother up" (referring to Plaintiff's travel companion in

Miami), this one comment is not sufficient to establish intentional, gender-based conduct. Defendant's Opening Brief cited *Paris v. Christiana Care*, 197 F. Supp. 28 111, 117 (D.Del. 2002), which held that "the mere utterance of an epithet, joke, or inappropriate taunt that may cause offense is not actionable under Title VII." (DOB 9-10)  Plaintiff has not cited any authority to the contrary. Nor has Plaintiff developed a record (beyond restating the allegations in her pleadings) to prove that M. Brown said anything more to her than "hook a brother up." Accordingly, she has failed to establish intentional gender-based conduct that would satisfy the first prong of a hostile work environment claim.

### B. PLAINTIFF HAS NOT CITED ANY EVIDENCE IN THE RECORD THAT WOULD ESTABLISH SEVERE OR PERVASIVE CONDUCT

Plaintiff has also failed to establish that M. Brown engaged in any conduct that was "severe and pervasive", which is another required prong of a hostile work environment claim. Defendant's Opening Brief argued that Plaintiff's complaint about her encounter with M.Brown at WHACC, even if true, is not enough to meet the "severe and pervasive" standard for a hostile work environment. (DOB 9-12)  Rather than respond to that argument and its supporting authorities, Plaintiff's Answering Brief attempts to combine her retaliation claim to establish severe and pervasive conduct. (PAB 9)  Plaintiff contends that severe and pervasive conduct is based on M. Brown's criticisms toward her at the WCCNPAC meeting. (PAB 9)

The WCCNPAC encounter was addressed at length in Defendant's Opening Brief in response to Plaintiff's claim of retaliation. (See DOB 14-16 and Cmpl. ¶¶ 9 & 12)  Plaintiff has not alleged that the encounter at WCCNPAC was gender based, but only that it was retaliatory. (Cmpl. ¶12)   Thus, the encounter at WCCNPAC cannot be cited in support of a gender-based hostile work environment claim. *See Burlington v. White*, __ U.S.__, 126, S.Ct. 2405, 2416 (2006)("the [retaliation] standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint.").

Alternatively, Plaintiff contends that M. Brown's conduct was severe and pervasive because it interfered with her work performance. (PAB 10)  Plaintiff cites the following two examples of interference

with work performance: (1) she was "humiliated and belittled by comments made by [M.] Brown" and (2) she was prevented from patrolling WHACC. (PAB 10) For the reasons below, neither allegation (even if true) establishes severe and pervasive conduct.

First, with regard to Plaintiff feeling "humiliated" and "belittled", this Court has held that "a plaintiff's subjective feelings and personal reactions are not the complete measure of whether conduct is of a nature that it interferes with job performance." *Seldomridge v. Uni-Marts, Inc.*, 2001 U.S. Dist. LEXIS 9491 *30-31 (D. Del. 2001). Second, as for preventing Plaintiff from patrolling WHACC, she was excused from that particular duty at her own request, so that she would not have to encounter M. Brown while the Personnel Department's investigation of her complaint was pending. (PA10) Relieving Plaintiff of that duty is not an interference with job performance that would establish a hostile work environment. Rather, the *Paris* court explained that conduct is only severe and pervasive if a reasonable person in the employee's position would be so offended that she could not perform her job. *Paris*, 197 F.Supp. 2d at 117. In contrast, Plaintiff was excused from patrolling WHACC precisely so that she could perform her job of patrolling West Center City. Consequently, Plaintiff has failed to establish a record or severe and pervasive conduct that would constitute a hostile work environment.

### C. PLAINTIFF HAS NOT ESTABLISHED RESPONDEAT SUPERIOR LIABILITY BECAUSE SHE HAS FAILED TO CITE ANY INCIDENTS OF SEXUAL HARASSMENT THAT OCCURRED AFTER SHE LODGED A FORMAL COMPLAINT AGAINST M. BROWN

Plaintiff has failed to establish respondeat superior liability because she has not identified any incidents of harassment that occurred after June 2, 2004 (the date that she lodged a sexual harassment complaint against M. Brown). Recognizing that she cannot cite any such conduct, Plaintiff relies on the WCCNPAC encounter of November 23, 2004, to support her claim that M. Brown sexually harassed her after she lodged her internal complaint on June 2. (PAB 11-12) To the extent that the WCCNPAC encounter occurred as alleged, it does not constitute sexual harassment. In Plaintiff's own pleading, she only alleges

that the WCCNPAC encounter constitutes retaliation. (Cmpl. ¶ 12) When Plaintiff filed her internal complaint about the WCCNPAC encounter, she cited no behavior on M. Brown's part that could be construed as gender-based or sexually suggestive. (PA13)

Plaintiff's inability to cite any gender-based conduct occurring after June 2 is what precludes respondeat superior liability. Defendant's Opening Brief cited *Trunzo v. Ass'n of Prop. Owners of the Hideout, Inc.,* 2004 U.S.App. LEXIS 1639, *10 (3d Cir. 2004), which upheld the dismissal of a hostile work environment claim when the employee could not establish any incidents of Title VII-based harassment after the date that she lodged an internal complaint. Plaintiff's Answering Brief does not dispute Defendant's reliance on *Trunzo*, nor does Plaintiff cite any authority to the contrary (in fact, Plaintiff's respondeat superior argument cites no case law whatsoever).

Alternatively, Plaintiff attempts to establish respondeat superior liability by citing the length of the Personnel Director's investigation of Plaintiff's complaint. (PAB 12) Although the Personnel Director's investigation took five months, Plaintiff still fails to cite any gender-based conduct or incidents of sexual harassment during those five months. Failure to cite any such incidents was fatal to the employee's claim in *Trunzo*, and therefore, it is fatal to Plaintiff's claim

Plaintiff also contends that the length of the Personnel Director's investigation gave M. Brown an opportunity to berate her at a WCCNPAC meeting five months later. (PAB12) Again, this is yet another attempt to tie the WCCNPAC encounter into the gender-based hostile work environment claim, even though the WCCNPAC encounter did not involve any gender-based conduct. Plaintiff cannot rescue her hostile work environment claim by mixing it with her retaliation claim (which will be separately address in Section II below). *See Burlington*, __ U.S.__, 126, S.Ct.at 2416("the [retaliation] standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint."). Therefore, the City's respondeat superior liability is defeated because Plaintiff cannot cite any gender-based conduct or incidents of sexual harassment occurring after June 2, 2004.

II. **PLAINTIFF HAS FAILED TO ESTABLISH THE PRIMA FACIE ELEMENTS OF RETALIATION, AND PLAINTIFF HAS ALSO FAILED TO REBUT THE CITY'S NON-RETALIATORY EXPLANATION FOR M. BROWN'S CRITICISMS ABOUT POLICE DEPLOYMENT**

Plaintiff's retaliation claim fails for the following three reasons. First, Plaintiff has failed to cite any adverse employment action by Defendant. Although she contends that M. Brown berated her at a community meeting, this does not constitute adverse employment action, nor can it even be imputed to Defendant. Second, Plaintiff has failed to establish a causal nexus between her internal harassment complaint against M. Brown and M. Brown's comments toward her at a community meeting five months later. Third, Plaintiff has failed to rebut M. Brown's non-retaliatory explanation that his comments at the community meeting were motivated by his genuine concern about the lack of police presence in West Center City.

A. **M. BROWN'S CRITICISMS ABOUT POLICE DEPLOYMENT DO NOT CONSTITUTE AN ADVERSE EMPLOYMENT ACTION FOR PLAINTIFF, AND EVEN IF THEY DID, SUCH ACTIONS CANNOT BE IMPUTED TO THE CITY**

Plaintiff has not established that M. Brown's criticism about police deployment directed toward her at the WCCNPAC meeting constitutes an adverse employment action. Plaintiff cites *Burlington v. White*, _ U.S._, 126, S.Ct. 2405, 2416 (2006), for its holding that "the significance of any given act of retaliation will often depend upon the particular circumstances." However, *Burlington* is distinguishable because it was a case in which an employee claimed retaliation when he was transferred from one job assignment to another. Plaintiff has not cited any authority to hold that mere verbal criticisms would constitute an adverse employment action to satisfy a prima face claim of retaliation.

On the contrary, Defendant's Opening Brief cited *Caver v. City of Trenton*, 420 F.3d 243, 255 (3d Cir. 2005), for its holding that "[r]etaliatory conduct must be serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." (DOB 15) Defendant also relied upon *Scott v. State of New Jersey*, 2005 U.S.App. LEXIS 15856, *9-10 (3d Cir. Aug. 1, 2005), for its holding

that "oral reprimands and derogatory comments do not qualify as adverse employment actions for purposes of establishing a prima facie case of retaliation." (DOB 15)  Plaintiff's Answering Brief does not distinguish these authorities (other than to state in a footnote that those cases are "not an accurate statement of the law regarding the adverse employment action requirement"). (PAB 13 n.2)  Consequently, Plaintiff has failed to meet her prima facie burden of establishing an adverse employment action.

Even if M. Brown's conduct at the WCCNPAC meeting did constitute an adverse employment action, Plaintiff has failed to impute M. Brown's off-duty conduct to the City.  Plaintiff's Opening Brief states that "the deposition testimony, including [M.] Brown's own testimony, reveals that [M.] Brown typically attended such community meetings in his capacity as a city employee[.]" (PAB 14)  Plaintiff's Answering Brief contains no citations to the record that support this statement, nor does she cite any evidence to confirm that M. Brown attended this particular meeting as a City employee.  In contrast, Defendant's Appendix included a correspondence from M. Brown's attorney (dated more than a year before Plaintiff filed this lawsuit), stating as follows:

> [T]he meeting about which Officer Lynch complains was not a workplace occurrence for [M. Brown].  It was a meeting which he attended as a public spirited citizen.  Mr. Brown was not attending the meeting in his capacity as a City employee.         (A11)

In his deposition, M. Brown also confirmed under oath that he attended the community meeting as a private citizen concerned about the lack of police presence in the City. (M. Brown A188)  Plaintiff's Answering Brief does not cite any evidence in the record to dispute M. Brown's sworn statement.  Because there is no genuine dispute of the fact that M. Brown was acting as a private citizen at the WCCNPAC meeting, his off-duty conduct toward Plaintiff cannot be imputed to Defendant.

**B.   THERE IS NO CAUSAL NEXUS BETWEEN PLAINTIFF'S HARASSMENT COMPLAINT AGAINST M. BROWN AND M. BROWN'S CRITICISM AT THE COMMUNITY MEETING ABOUT POLICE DEPLOYMENT**

There is no causal nexus to establish that M. Brown's general criticisms about police deployment during the WCCNPAC meeting are somehow individually tied to Plaintiff's harassment complaint.

Defendant's Opening Brief cited ample evidence that M. Brown's comments were merely part of a tense conversation among several attendees of the WCCNPAC meeting. For example, Defendant cited the deposition of Marcia Starks, wherein she testified that many attendees of the WCCNPAC meeting were generally critical of the police, and M. Brown's comment was just one of several critical comments toward the police. (Starks A25-26) Starks repeatedly testified the general tone of this meeting was accusatory (Starks A25), with many attendees (not just M. Brown) criticizing the lack of police presence. (Starks A20 & 28) This testimony defeats Plaintiff's claim that M. Brown's conduct was somehow aimed at Plaintiff personally.

Plaintiff cites no evidence that is contrary to Starks's testimony, nor does her Answering Brief even address Defendant's reliance on Starks's testimony. Instead, Plaintiff cites Marlyn Dietz's testimony that M. Brown, on a separate occasion, told another police officer (Captain Victor Ayala) that he was upset that the Wilmington Police Department had not handled Plaintiff's complaint internally (rather than having it handled by the City Personnel Department). (PAB 15) Based on that testimony, Plaintiff contends that the conversation with Captain Ayala establishes M. Brown's retaliatory state of mind. (PAB 15) At most, M. Brown's conversation with Captain Ayala may suggest that M. Brown was angry at Marlyn Dietz. However, Plaintiff offers no argument as to how M. Brown's state of mind during his conversation with Captain Ayala can tie together the following two events: Plaintiff's harassment complaint against M. Brown in June of 2004 and M. Brown's criticisms about police deployment during the WCCNPAC meeting in West Center City in November of 2004. Because Plaintiff cannot establish a causal link between those two events, she fails to establish a prima facie case of retaliation.

## C. PLAINTIFF HAS FAILED TO REBUT THE CITY'S NON-RETALIATORY EXPLANATION THAT M. BROWN'S COMMENTS AT THE COMMUNITY MEETING WERE ATTRIBUTABLE TO HIS GENUINE CONCERN ABOUT THE LACK OF POLICE PRESENCE IN WEST CENTER CITY

The non-retaliatory justification for M. Brown's conduct at the WCCNPAC meeting was his concern about the lack of police presence in West Center City. Plaintiff contends that this justification is pre-textual because Plaintiff is powerless to change patrol frequency and jurisdiction for the West Center City area. (PAB 17) This contention ignores M. Brown's testimony that his comments were not intended to change the patrol frequency of the area, but to compel Plaintiff (as a Weed and Seed officer) to concede that the Weed and Seed officers were in fact being deployed from West Center City. (M. Brown A191-192) To disprove M. Brown's justification, Plaintiff must adduce "evidence from which a reasonable fact finder could conclude either that the defendant's proffered justifications are not worthy of credence or that the true reason for the employer's act was discrimination." *See Bray v. Marriott Hotels*, 110 F.3d 986, 990 (3d Cir. 1996).

The only such "evidence" cited in Plaintiff's Answering Brief is an alleged conversation between M. Brown and Captain Ayala, wherein M. Brown expressed his displeasure that Captain Dietz prompted the Personnel Director to complete her investigation of Plaintiff's harassment complaint. (PAB 17) Even if this is true, it does not disprove M. Brown's stated reason for criticizing Plaintiff about the Weed and Seed officers being absent from West Center City. Plaintiff's burden of persuasion requires "specific proofs and rebuttals of discriminatory motivation the parties have introduced." *See Hicks v. St. Mary's Honor Ctr.*, 509 U.S. 502, 516 (1993). Plaintiff offers no proof of any retaliatory motive at the WCCNPAC meeting, nor does she offer any rebuttal of M. Brown's professed concern about lack of police presence. Plaintiff concedes that M. Brown had a longstanding complaint about deployment of Weed and Seed officers. (PAB 16) This concession reinforces the sincerity of M. Brown's claim that his criticisms were motived by his concerns about the lack of police presence in West Center City, rather than an intent to retaliate against Plaintiff. Plaintiff's failure to meet this ultimate burden of persuasion defeats her retaliation claim.

## **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to establish any genuine issue of material fact, and Defendant is entitled to judgment as a matter of law for Plaintiff's claims of hostile work environment and retaliation.

        /s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175

DATE: November 30, 2007         Attorney for Defendant City of Wilmington

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FRAY LYNCH, : | |
| : | |
| Plaintiff, : | |
| : | C.A. NO. 06-351 JJF |
| v. : | |
| : | JURY TRIAL DEMANDED |
| CITY OF WILMINGTON, : | |
| : | |
| Defendant. : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr, Esquire, hereby certify that on this 30th day of November, a copy of Defendant's Reply Brief in Support of its Motion for Summary Judgment was served with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and that these documents are available for viewing and downloading from CM/ECF

G. Kevin Fasic, Esquire
Law Office of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington, DE 19801

Robert T. Vance, Jr., Esquire
Law Offices of Robert T. Vance, Jr.
100 South Broad Street , Suite 1530
Philadelphia, PA 19110

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Alex J. Mili, Jr.
ALEX J. MILI, JR., ESQUIRE (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175