IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRAY LYNCH, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | C.A. NO. 06-351 JJF |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF WILMINGTON, | : | |
| | : | |
|     Defendant. | : | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS\***

Alex J. Mili, Jr. (I.D. 4125)<br>
City of Wilmington Law Department<br>
City/County Building, 9th Floor<br>
800 North French Street<br>
Wilmington, DE 19801-3537

---

\*Defendant's counsel has requested Plaintiff's proposed jury instructions, so as to meet this Court's deadline of submitting the jury instructions one week in advance of the pre-trial conference that is scheduled for December 7, 2007. As of November 30, 2007, Plaintiff has not disclosed any proposed jury instructions to Defendant's counsel. Defendant reserves the right to object to any jury instructions that Plaintiff may propose.

**TABLE OF CONTENTS**

Introduction ................................................................. 1

Evidence Defined ............................................................. 3

Statements of Counsel ........................................................ 4

Credibility of Witness ....................................................... 5

Preponderance of Evidence .................................................... 6

If You Find, or If You Decide ................................................ 7

Inferences Defined ........................................................... 8

Number of Witnesses .......................................................... 9

Elements of a Title VII Claim of Harassment Arising from a Hostile Work Environment When There is No Tangible Employment Action ........................................ 10

Elements of a Title VII Claim for Retaliation ............................... 12

Deliberation and Verdict .................................................... 13

Unanimous Verdict ........................................................... 14

Duty to Deliberate .......................................................... 15

Court Has No Opinion ........................................................ 16

**Jury Instruction No. 1:  Introduction**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the fact, and decide if, by a preponderance of the evidence, the City of Wilmington liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about the policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  You must accept them despite how you feel about their wisdom.  This includes the instructions that I gave you before

and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Jury Instruction No. 2: Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined here, and nothing else.

**Jury Instruction No. 3: Statements of Counsel**

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

**Jury Instruction No. 4: Credibility of Witness**

You are sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength or memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and to disregard any testimony that, in your judgment, is not believable.

In determining the weight to give the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness's testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

**Jury Instruction No. 5: Preponderance of Evidence**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. That burden, then, rests with Fray Lynch. If the proof should fail to establish any single essential element of her claims by a preponderance of the evidence in this case, the jury should find for the City of Wilmington as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Jury Instruction No. 6:  "If You Find," or "If You Decide"**

  When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

**Jury Instruction No.7: Inferences Defined**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

**Jury Instruction No. 8:  Number of Witnesses**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**Jury Instruction No. 9 - Elements of a Title VII Claim for Harassment Arising from a Hostile Work Environment When There is No Tangible Employment Action**

Fray Lynch claims that she was subjected to harassment by Michael Brown and that this harassment was motivated by Fray Lynch's gender.

Michael Brown is not the Defendant in this case. Michael Brown is not on trial. The City of Wilmington is the Defendant. The City of Wilmington is only liable for the actions of Michael Brown in Fray Lynch's claim of harassment if Fray Lynch proves all of the following elements by a preponderance of the evidence:

First:   Fray Lynch was subjected to sexually suggestive comments by Michael Brown.

Second:   Michael Brown's conduct was not welcomed by Fray Lynch.

Third:   Michael Brown's conduct was motivated by the fact that Fray Lynch is a female.

Fourth:  Michael Brown's conduct was so severe or pervasive that a reasonable person in Fray Lynch's position would find Fray Lynch's work environment to be hostile or abusive.

Fifth:   Fray Lynch believed her work environment to be hostile or abusive as a result of Michael Brown's conduct.

Sixth:   Management level employees in the City of Wilmington new, or should have known, of Michael Brown's abusive conduct. Management level employees should have known of the abusive conduct if 1) an employee provided management level personnel with enough information to raise a probability of gender-based harassment in the mind of a reasonable employer, or if 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

If even one of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the City of Wilmington. If you find that all of the elements have been proved, then you must consider affirmative defense of the City of Wilmington. I will instruct you now on the elements of that affirmative defense.

You must find for the City of Wilmington if you find that the City of Wilmington has proved by a

preponderance of the evidence that the City of Wilmington exercised reasonable care to prevent harassment in the workplace on the basis of gender, and also exercised reasonable care to correct any harassing behavior that does occur.

Proof of the four following facts will be enough to establish prevention and correction of harassment:

1. The City of Wilmington had established an explicit policy against harassment in the workplace on the basis of gender.

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for Fray Lynch to make a claim of harassment to higher management.

4. Reasonable steps were taken to address the complaint raised by Fray Lynch.

**Jury Instruction No. 10 - Elements of a Title VII Claim for Retaliation**

Fray Lynch claims that the City of Wilmington retaliated against her because she filed a sexual harassment complaint against Michael Brown with the Personnel Department of the City of Wilmington.

To prevail on this claim, Fray Lynch must prove all of the following by a preponderance of the evidence:

First:   Fray Lynch filed a sexual harassment complaint against Michael Brown with the Personnel Department of the City of Wilmington.

Second:   Fray Lynch was subjected to a materially adverse employment action by the City of Wilmington at the time of, or after, filing the sexual harassment complaint against Michael Brown.

Third:   There was a causal connection between Fray Lynch's sexual harassment complaint and materially adverse employment action.

Concerning the second element, the term "materially adverse" means that Fray Lynch must show that (1) Michael Brown's conduct toward her at the community meeting of November 23, 2004, was serious enough that it well might have discouraged a reasonable worker from complaining about sexual harassment and (2) Michael Brown engaged in that conduct in his capacity as an employee of the City of Wilmington, and not as a private citizen.

Ultimately, you must decide whether Fray Lynch's sexual harassment complaint had a determinative effect on Michael Brown's conduct toward her at the community meeting of November 23, 2004. "Determinative effect" means that if not for Fray Lynch's filing a sexual harassment complaint against Michael Brown, the Michael Brown's conduct at the community meeting of November 23, 2004 would not have occurred.