IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Fray Lynch | : | |
| | : | |
| v. | : | Civil Action No. 06-351-JJF |
| | : | |
| City of Wilmington | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND
RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Plaintiff, Fray Lynch, by and through her attorneys, hereby submits the following proposed jury instructions. Plaintiff has no objection to Defendant's Proposed Jury Instructions Nos. 1-8.

Robert T Vance, Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia PA 19110
215 557 9550

G. Kevin Fasic (DE 3496)
Law Office of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington DE 19801

*Attorneys for the Plaintiff*

## JURY INSTRUCTION NO. 9- TITLE VII SEXUAL HARASSMENT CLAIM

Fray Lynch claims that she was subjected to harassment by Michael Brown and that his harassment was motivated by her gender. The City of Wilmington is liable for the actions of Michael Brown with respect to this sexual harassment claim if Fray Lynch proves the following elements by a preponderance of the evidence:

1. That she was subjected to sexually suggestive comments or actions by Michael Brown because of her gender;

2. That Michael Brown's conduct was severe and pervasive;

3. That Michael Brown's conduct detrimentally affected her;

4. That Michael Brown's conduct would have detrimentally affected a reasonable woman in Fray Lynch's position; and

5. That management level employees of the City of Wilmington knew or should have known of Michael Brown's conduct.

If you find that Fray Lynch has proven each of these elements by a preponderance of the evidence, then you must consider the affirmative defense of the City of Wilmington. I will instruct you now on the elements of that affirmative defense.

You must find for the City of Wilmington on Fray Lynch's sexual harassment claim if you find that the City of Wilmington has proven by a preponderance of the evidence each of the following elements:

1. That the City of Wilmington took reasonable steps to prevent and promptly correct sexual harassment in the workplace; and

2. That Fray Lynch unreasonably failed to take advantage of the City of Wilmington's preventive or corrective measures.

With respect to the first element, you must consider whether the City of Wilmington adopted and promoted awareness of an anti-harassment policy and whether it took reasonable steps to promptly correct Fray Lynch's particular situation.

Case 1:06-cv-00351-JJF    Document 54    Filed 12/03/2007    Page 3 of 6

## JURY INSTRUCTION NO. 10- TITLE VII RETALIATION CLAIM

Fray Lynch claims that the City of Wilmington retaliated against her because she filed a sexual harassment complaint against Michael Brown with the Personnel Department of the City of Wilmington.

To prevail on this claim of retaliation, Fray Lynch must prove each of the following elements by a preponderance of the evidence:

1. That she engaged in protected activity when she complained to her superiors about Michael Brown's sexual harassment, which you can assume;

2. That she was subjected to a materially adverse employment action by the City of Wilmington at the time of, or after, filing the sexual harassment complaint against Michael Brown;

3. That a causal link exists between her protected activity and Michael Brown's retaliatory actions; and

4. That Michael Brown's stated reasons for his conduct toward Fray Lynch after she filed the sexual harassment complaint against him were a pretext for retaliating against her because she complained about his sexual harassment of her.

Concerning the second element, the term "materially adverse" means that Fray Lynch must show that Michael Brown's retaliatory actions were serious enough that they might have discouraged a reasonable employee from complaining about sexual harassment.

## **JURY INSTRUCTION NO.11-UNANIMOUS VERDICT AND DUTY TO DELIBERATE**

The verdict you render must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO.12-ELECTION OF FOREPERSON AND SPECIAL VERDICT

Upon retiring to the jury room, you will select one of yourselves to act as the foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

A special verdict form has been prepared for your use. You will take the form to the jury room. You will note that the questions call for a "YES" or "NO" answer. Once again, I remind you that each of your answers is to be unanimous. After the jury has decided on a unanimous answer, the foreperson should indicate that answer in the space provided. Note that your answers to some questions may make answering other questions unnecessary.

It is proper to add the caution that nothing said in these instructions and nothing in any form of the special verdict is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.