IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Fray Lynch | : | |
| | : | |
| v. | : | Civil Action No. 06-351-JJF |
| | : | |
| City of Wilmington | : | |

**PLAINTIFF'S PRETRIAL ORDER[1]**

I.   **Nature of the Action**

This is an employment discrimination case in which Plaintiff, Fray Lynch, a City of Wilmington police officer, contends that another City employee, Michael Brown, sexually harassed her, and later retaliated against her for filing a formal complaint of sexual harassment against him.

The pleadings in which the issues to be litigated are raised are the Complaint and defendant's Answer thereto.

II.  **Basis of Federal Jurisdiction**

This Court has jurisdiction to adjudicate the claims in this case under 28 U.S.C. §§ 1331 and 1343 because it is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e, et seq., and the Civil Rights Act of 1991.  This Court has jurisdiction over Officer Lynch's state law claims under 19 Delaware Code Chapter 7 pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

---

[1] Defendant's counsel filed Defendant's Proposed Pretrial Order on November 30, 2007.  Plaintiff was unable to provide relevant portions for the Pretrial Order for reasons that will be made clear at the December 7, 2007 pretrial conference.  Accordingly, Plaintiff files this Proposed Pretrial Order, which will be re-filed with defendant's additions on December 4, 2007.

**III.     Statement of Admitted Facts**

Plaintiff, Fray Lynch, has been employed by defendant as a police officer since June 14, 1999.  In April 2004, Officer Lynch was assigned to the Weed and Seed program.  As part of her duties, she was required to patrol the area in and around defendant's William Hicks Anderson Community Center ("WHACC").  At that time, Michael Brown was the Executive Director of the WHACC.

On June 2, 2004, Officer Lynch filed a formal complaint of sexual harassment against Brown.  The complaint was investigated by Monica Gonzalez-Gillespie, defendant's Personnel Director.  On December 7, 2004, Gonzalez-Gillespie issued her findings, conclusions and recommendations regarding Officer Lynch's complaint.  Gonzalez-Gillespie found that Brown had admitted making "certain comments that were sexually suggestive and deemed offensive to Officer Lynch."  She further noted that Officer Lynch's complaint was the second documented incident in which female employees found comments made by Brown offensive.  She recommended that Brown's supervisor issue a Written Disciplinary Action to Brown "for violating the City's Harassment-Free Work Environment Policy & Procedure by using sexually suggestive language with another female employee, and inter alia, that he attend training on that Policy.  On December 13, 2004, Romain L. Alexander, the Director of defendant's Department of Parks & Recreation and Brown's supervisor, issued a Written Disciplinary Warning to Brown.

In November 2004, Brown was elected as a member-at-large of the Wilmington City Council.  On November 24, 2004, Officer Lynch filed another formal complaint of harassment and retaliation agaisnt Brown alleging that he had harassed and retaliated against her on November 23, 204 at a meeting of the WCCNPAC organization.  Gonzalez-Gillespie also investigated this complaint.  In March 2005, Gonzalez-Gillespie issued her findings, conclusions

and recommendations. She found that Brown had exhibited unacceptable behavior toward Officer Lynch, and that because he was found to have exhibited inappropriate behavior toward her in a previous complaint, his "behavior, during that public meeting, could be viewed as retaliatory. Retaliation is prohibited and a violation of Personnel Policy #101.1." She also found that because Brown as Executive Director of WHACC at the time of the incident also worked with Officer Lynch, "this behavior could also be termed harassment."

Brown was never disciplined for the November 23, 2004 incident.

## IV.     Statement of the Issues of Fact to be Litigated

The following factual issues will be litigated at trial:

1.     Whether Brown's statements to and conduct toward Officer Lynch in April-May 2004 and prior thereto constitutes sexual harassment.

2.     Whether the remedial measures taken by defendant against Brown in response to Officer Lynch's June 2, 2004 complaint were timely and adequate.

3.     Whether Brown's statements to and conduct toward Officer Lynch after June 2, 2004, including the incident of November 23, 2004, constitute sexual harassment and/or retaliation.

4.     Whether the statements and actions of Brown at the November 23, 2004 WCCNPAC meeting can be attributed to defendant.

5.     Whether Brown's alleged justification for his statements and actions at the November 23, 2004 WCCNPAC meeting are pretextual.

6.     Whether defendant's failure to take any remedial measures against Brown in response to his statements to and conduct toward Officer Lynch at the November 23, 2004 WCCNPAC meeting make defendant vicariously liable therefor.

V.   **Statement of the Issues of Law to be Litigated**

There are no issues of law to be litigated at trial.

VI.  **Exhibits**

A.   Plaintiff's Exhibits

No.     Description

P-1     Departmental Information dated June 2, 2004 from Patrol woman Fray M. Lynch to Michael Szczerba

P-2     Departmental Information dated June 8, 2004 from Inspector James H. Wright to Elinza D. Cain

P-3     Memo dated July 20, 2004 from Monica Gonzalez-Gillespie to File

P-4     Memo dated August 2, 2004 from Monica Gonzalez-Gillespie to File

P-5     City of Wilmington Personnel Policy 101.1 Harassment-Free Work Environment

P-6     Policy and Procedure Manual Training form dated November 4, 2004 signed by Michael Brown

P-7     Departmental Information dated November 23, 2004 from Patrol woman Fray M. Lynch to Chief Michael Szczerba

P-8     Departmental Information dated November 23, 2004 from Sergeant Deborah Donohue to Michael J. Szczerba

P-9     Departmental Information dated November 23, 2004 from Cpl. Michael J. Groark to Michael Szczerba

P-10    Memo dated November 24, 2004 from Capt. Marlyn W. Dietz to Michael J. Szczerba

P-11    Departmental Information dated November 29, 2004 from Inspector James H. Wright to Elinza D. Cain

P-12    Memo dated December 7, 2004 from Monica Gonzalez-Gillespie to Fray Lynch

P-13    Memo dated December 7, 2004 from Monica Gonzalez-Gillespie to Romain L. Alexander

P-14   Memo dated December 3, 2004 re: Harassment Complaint by Fray Lynch against Michael Brown

P-15   Memo dated December 7, 2004 from Monica Gonzalez-Gillespie to Michael Brown

P-16   Memo dated December 13, 2004 from Romain L. Alexander to Michael Brown

P-17   Memo dated January 20, 2005 from Capt. Nancy S. Dietz to Michael J. Szczerba

P-18   Memo dated December 21, 2004 from Marcia Starks to Whom It May Concern

P-19   Memo dated December 30, 2004 from Alex J. Mili, Jr. to Brenda James-Roberts

P-20   Memo dated January 13, 2005 from Alex J. Mili, Jr. to Brenda James-Roberts

P-21   Memo dated January 14, 2005 from Alex J. Mili, Jr. to Brenda James-Roberts

P-22   Memo dated March 9, 2005 from Monica Gonzalez-Gillespie to Theodore Blunt

P-23   Memo dated March 9, 2005 from Monica Gonzalez-Gillespie to Michael Brown

P-24   Memo dated March 16, 2005 from Theodore Blunt to John R. Sheridan

P-25   Progress Notes from Dr. Anjala B. Pahwa re: Fray Lynch

**B.   Defendant's Exhibits**

<u>No.</u>   <u>Description</u>

(To be added by defendant's counsel)

VII.  **Witnesses**

   A.  **Plaintiff's Witnesses**

   Plaintiff intends to call the following persons to testify as witnesses at trial:

   1. Officer Fray Lynch
   2. Michael Brown (as on cross)
   3. Monica Gonzalez-Gillespie (as on cross)
   4. Romain L. Alexander (as on cross)
   5. Theodore Blunt (as on cross)
   6. Marcia Starks
   7. Cpl. Michael Groark
   8. Sgt. Deborah Donohue
   9. Capt. Nancy Dietz
   10. Capt. Marlyn Dietz
   11. Dr. Anjala Pahwa

   B.  **Defendant's Witnesses**

   1. Monica Gonzalez-Gillespie
   2. John Burns
   3. Gregory Ciotti
   4. Richard Armorer
   5. Paris Armorer

VIII.  **Statement of Plaintiff's Proofs**

   Officer Lynch intends to prove the following:

   1.  that Brown sexually harassed her prior to April-May 2004 and in connection with the incident that impelled her to file a formal complaint of sexual harassment against him on June 2, 2004;

   2.  that defendant intentionally delayed in investigating her complaint and in disciplining Brown as a result of that complaint;

   3.  that defendant's delay in investigating her June 2, 2004 complaint facilitated Brown's harassment of her after June 2, 2004, including the November 23, 2004 incident at the WCCNPAC meeting;

      4.      that Brown's actions at the November 23, 2004 WCCNPAC meeting constituted both sexual harassment and retaliation;

      5.      that Brown was acting in his capacity as a City employee at the November 23, 2004 WCCNPAC meeting;

      6.      that Brown's justification for castigating her at that meeting are pretextual;

      7.      that defendant's own investigation of Brown's actions at the November 23, 2004 meeting in response to her complaint essentially resulted in a finding that he harassed and retaliated against Officer Lynch at that meeting; and

      8.      that defendant's failure to take any remedial measures against Brown in connection with his actions at that meeting and its own investigation renders it vicariously liable for Brown's actions.

Inasmuch as the December 10, 2007 trial is on the issue of liability only, Officer Lynch will not present evidence as to damages. She will, however, present the testimony of Dr. Anjala Pahwa to prove that, contrary to defendant's claim, she was psychologically harmed by Brown's conduct.

## IX. Statement of Defendant's Proofs

(To be added by defendant's counsel)

## X. Statements by Counterclaimants or Crossclaimants

There are no crossclaims or counterclaims in this case.

## XI. Amendments to the Pleadings

There are no proposed amendments to the pleadings

## XII. Settlement Certification

The parties hereby certify that they have engaged in a good faith effort to explore the resolution of this controversy by settlement but to date have been unable to do so.

## XIII. Other Matters

Plaintiff objects to Defendant's Exhibits Nos. 1 and 2 on the grounds that neither exhibit is relevant to the issues to be litigated at trial.

Plaintiff objects to the following witnesses identified by Defendant as none of them have any information relevant to the issues to be litigated at trial:

1. John Burns
2. Gregory Ciotti
3. Richard Armorer
4. Paris Armorer

**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION, UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**

_____/s/ Robert T Vance Jr_____       _____
Robert T Vance Jr                                                              Alex J. Mili, Jr.
Law Offices of Robert T Vance Jr                                 Senior Assistant City Solicitor
100 South Broad Street, Suite 1530                           800 N. French Street, 9th Floor
Philadelphia PA 19110                                                  Wilmington DE 19801
215 557 9550                                                                    302 576 2175

G. Kevin Fasic                                                                 *Attorney for the Defendant*
Law Office of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington DE 19801

*Attorneys for the Plaintiff*